COURT'S
EXHIBIT NO. 3
IDENTIFICATION/EVIDENCE
DKT.# 24cv183
DATE: 9/19/2024
PENGAD 800-631-6989

NB:AT/ANR
F. # 2021R01109

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA                          PLEA AGREEMENT

        - against -

CIPRIAN DUDA,

                Defendant.

– – – – – – – – – – – – – – – – – –X


        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States

Attorney's Office for the Eastern District of New York (the "Office") and CIPRIAN DUDA (the

"defendant") agree to the following:

        1.      The defendant will plead guilty to the sole Count of the above-captioned

information, charging a violation of 18 U.S.C. § 1029(b)(2).  The count carries the following

statutory penalties:

        a.      Maximum term of imprisonment: 7.5 years
                (18 U.S.C. §§ 1029(b)(2) and 1029(c)(1)(A)(ii)).

        b.      Minimum term of imprisonment: 0 years
                (18 U.S.C. §§ 1029(c)(1)(A)(ii)).

        c.      Maximum supervised release term: 3 years, to follow any term of
                imprisonment; if a condition of release is violated, the defendant
                may be sentenced to up to 2 years without credit for pre-release
                imprisonment or time previously served on post-release
                supervision
                (18 U.S.C. § 3583 (b) & (e)).

  d.  Maximum fine:  Greater of $250,000, or twice the gross gain or twice the gross loss (18 U.S.C. § 3571(b)(2), (b)(3) and (d)).

  e.  Restitution:  Mandatory in the full amount of each victim's losses as determined by the Court. (18 U.S.C. §§ 3663A and 3664)

  f.  $100 special assessment (18 U.S.C. § 3013).

  2.  The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case.  The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence.  See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").  The Office estimates the likely adjusted offense level under the Guidelines to be 18, which is predicated on the following Guidelines calculation:

| | | |
|---|---|---|
| Base Offense Level (U.S.S.G. § 2B1.1) | | 6 |
| Plus: | The offense involved 10 or more victims (§ 2B1.1(b)(2)(A)) | +2 |
| Plus: | The loss exceeded $250,000 (§ 2B1.1(b)(1)(G)) | +12 |
| Total: | | <u>18</u> |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted,

pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 16 and a range of imprisonment of 21 - 27 months, assuming that the defendant falls within Criminal History Category I. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before April 9, 2024 an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 15. This level carries a range of imprisonment of 18 - 24 months, assuming that the defendant falls within Criminal History Category I. The defendant stipulates to the above Guidelines calculation.

3.     The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4.     The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 27 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (a) the statute(s) to which the defendant is pleading guilty is unconstitutional and (b) the admitted conduct does not fall within the scope of the statute(s).

Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) she is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

5.    The Office agrees that:

a.    no further criminal charges will be brought against the defendant for the unauthorized use of a credit card on January 5, 2022 at an Apple store in the Bronx, New York, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment with prejudice;

and, based upon information now known to the Office, it will

b.    take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

c.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from her plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to the provisions of paragraphs 5(a)-(c).

7.     Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties.  To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York

September 19, 2024

BREON PEACE
United States Attorney
Eastern District of New York

By:     _____
Adam R. Toporovsky
Antoinette N. Rangel
Assistant United States Attorneys

Approved by:
_____
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney.  I understand all of its terms and am entering into it knowingly and voluntarily.

_____
CIPRIAN DUDA
Defendant

Approved by:

_____
Mitchell Elman, Esq.
Counsel to Defendant

6

6.      This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.